lerk's Home (http://www.miami-dadeclerk.com/home.asp)
nline Services (http://www.miami-dadeclerk.com/online_services.asp)
bout Us (http://www.miami-dadeclerk.com/about.asp)
ontact Us (http://www.miami-dadeclerk.com/contact.asp)
y Account (https://www2.miami-dadeclerk.com/PremierServices/login.aspx)



# Miami-Dade County Civil, Family and Probate Courts Online System

◀◀ Back to Results

## JOSE M MEJIA VS COMPREHENSIVE HEALTH SERVICES, INC.

**Local Case Number:** 2018-034657-CA-01

**Filing Date:** 10/11/2018

**State Case Number:** 132018CA034657000001

**Case Type:** Contract & Indebtedness

**Consolidated Case No.:** N/A

**Judicial Section:** CA21

**Case Status:** OPEN

### 👥 Parties
Number of Parties: 2 ➕

### ⚔ Hearing Details
Number of Hearing: 0 ➕

### 📡 Dockets
Dockets Retrieved: 8 ➖

**EXHIBIT "A"**

☛ Export to ▾

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 📄 7 | 10/30/2018 | | Service Returned | Event | |
| 6 | 10/25/2018 | | Receipt: | Event | RECEIPT#:3420054 AMT PAID:$10.00 NAME:LEWIS, NATHALY, ESQ REMER & GEROGES-PIERRE, PLLC 44 WEST FLAGLER STREE MIAMI FL 33130 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH |
| | 10/24/2018 | | 20 Day Summons Issued | Service | |
| 📄 5 | 10/24/2018 | | ESummons 20 Day Issued | Event | *Parties: Comprehensive Health Services Inc.* |
| 📄 4 | 10/23/2018 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 3 | 10/16/2018 | | Receipt: | Event | RECEIPT#:3510161 AMT PAID:$401.00 NAME:SERRANO, CARLOS D 44 WEST FLAGLER STREET SUITE 2200 MIAMI FL 33130 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$ |
| 📄 2 | 10/11/2018 | | Complaint | Event | |
| 📄 1 | 10/11/2018 | | Civil Cover | Event | |

[ Back to Results ]

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: http://www.miamidade.gov/info/disclaimer.asp (http://www.miamidade.gov/info/disclaimer.asp)

---

Email (https://miamidadecounty.co1.qualtrics.com/SE/?SID=SV_bDvccbiqJBvQ2LH)
| Login (/PremierServices/login.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx)
Clerk's Home (http://www.miami-dadeclerk.com/home.asp)
| Privacy Statement (http://www.miamidade.gov/info/privacy_and_security.asp)
| Disclaimer (http://www.miamidade.gov/info/disclaimer.asp)
| Contact Us (http://www.miami-dadeclerk.com/contact.asp)
| About Us (http://www.miami-dadeclerk.com/about.asp)

MIAMI-DADE COUNTY (http://www.miamidade.gov)

2015 Clerk of the Courts. All Rights reserved.

Filing # 79233296 E-Filed 10/11/2018 07:06:01 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Jose M Mejia</u>
Plaintiff
         vs.
<u>Comprehensive Health Services, Inc.</u>
Defendant

---

**II.   TYPE OF CASE**

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☐ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
  ☒ Monetary;
  ☒ Non-monetary declaratory or injunctive relief;
  ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION:** (   )
  (Specify)

  <u>5</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ Yes
  ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ No
  ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ Yes
  ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Carlos D Serrano</u>      FL Bar No.: <u>1010125</u>
           Attorney or party                                              (Bar number, if attorney)

<u>Carlos D Serrano</u>      <u>10/11/2018</u>
    (Type or print name)                                                  Date

Filing # 79233296 E-Filed 10/11/2018 07:06:01 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

JOSE M. MEJIA,

    Plaintiff,

vs.                                                                 Case No.:

COMPREHENSIVE HEALTH SERVICES, INC,
a Florida Corporation

    Defendant.
_____/

## COMPLAINT

Plaintiff, JOSE M. MEJIA ("Plaintiff"), hereby sues Defendant, COMPREHENSIVE HEALTH SERVICES, INC., ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000, excluding attorneys' fees or costs, for breach of agreement, unpaid wages, and wrongful, retaliatory discharge of an employee under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a

covered employee for purposes of the FLSA.

4. Defendant, COMPREHENSIVE HEALTH SERVICES, INC., is a Florida for-profit Corporation having its main place of business in Homestead, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorney's fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff performed work for Defendant as a Transportation Specialist/Travel Chaperone beginning on March 1, 2018 through August 31, 2018, approximately twenty-six (26) weeks.

9. At all times material hereto, Plaintiff and Defendants were engaged in a written employment agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

10. Additionally, throughout Plaintiff's employment, he worked numerous hours for which he received no compensation whatsoever, in violation of the laws of the United States

provided to Defendant.

27. Defendant has knowledge of the services performed and provided by Plaintiff.

28. Defendant voluntarily accepted the services performed and provided by Plaintiff.

29. Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

30. Plaintiff seeks damages for the value of the work performed to Defendant.

**WHEREFORE**, Plaintiff seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

### COUNT IV
*Wage & Hour Federal Statutory Violation*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

32. This action is brought by Plaintiff to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

33. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

34. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United

employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

40. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT V**
*FLSA Retaliation Violation*

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

42. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve

on an industry committee."

43. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

44. The motivating factor that caused Plaintiffs adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

45. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated October 11, 2018

Respectfully submitted,

/s/
PETER MICHAEL HOOGERWOERD, ESQ.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Florida Bar No.: 118315
nl@rgpattorneys.com
Carlos D. Serrano, Esq.
Florida Bar No.: 1010125
cs@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Filing # 79715356 E-Filed 10/23/2018 10:53:50 AM

                                     IN THE CIRCUIT COURT OF THE
                                     11TH JUDICIAL CIRCUIT IN AND
                                     FOR MIAMI-DADE COUNTY,
                                     FLORIDA

JOSE M. MEJIA,

    Plaintiff,

vs.                                                    Case No. 2018-034657-CA-01

COMPREHENSIVE HEALTH SERVICES, INC,

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** COMPREHENSIVE HEALTH SERVICES, INC., through its Registered Agent:

        C T CORPORATION SYSTEM
        1200 SOUTH PINE ISLAND ROAD
        PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER MICHAEL HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET, SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

CLERK                                       DATE

_____

(BY) DEPUTY CLERK

Filing # 79715356 E-Filed 10/23/2018 10:53:50 AM

                                                             IN THE CIRCUIT COURT OF THE
                                                             11TH JUDICIAL CIRCUIT IN AND
                                                             FOR MIAMI-DADE COUNTY,
                                                             FLORIDA

JOSE M. MEJIA,

    Plaintiff,

vs.                                                                   Case No. 2018-034657-CA-01

COMPREHENSIVE HEALTH SERVICES, INC,

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** COMPREHENSIVE HEALTH SERVICES, INC., through its Registered Agent:

        C T CORPORATION SYSTEM
        1200 SOUTH PINE ISLAND ROAD
        PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER MICHAEL HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET, SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

10/24/2018

CLERK          *[signature]*          DATE

(BY) DEPUTY CLERK

Filing # 79715356 E-Filed 10/23/2018 10:53:50 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

JOSE M. MEJIA,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　Case No. 2018-034657-CA-01

COMPREHENSIVE HEALTH SERVICES, INC.

    Defendant.

## SUMMONS IN A CIVIL CASE

TO: COMPREHENSIVE HEALTH SERVICES, INC., through its Registered Agent:

    C T CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER MICHAEL HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET, SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts　　　　　　　　　　　　　　　10/24/2018

CLERK　　　　　　　　　　　　　　　　　　DATE

(BY) DEPUTY CLERK

15157

https://www2.miami-dadeclerk.com/ocs/ViewerHTML5.aspx?QS=B6%2f9EwnZlIiih%2...　　11/14/2018