UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18cv24750-RNS

JOSE M. MEJIA,

      Plaintiff,

v.

COMPREHENSIVE HEALTH SERVICES, INC.,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, COMPREHENSIVE HEALTH SERVICES, INC., hereby files its Answer and Defenses to the Complaint filed by Plaintiff JOSE M. MEJIA, and responds to the corresponding numbers to each of the numbered paragraphs in Plaintiff's Complaint as follows:

### GENERAL ALLEGATIONS

1.     Defendant admits that Plaintiff purports to bring the instant lawsuit to recover monetary damages alleging breach of contract, quantum merit, unjust enrichment, failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), and retaliation in violation of the FLSA, and the recovery of attorneys' fees and costs, but Defendant denies that it has violated any legal or contractual obligation to Plaintiff and denies Plaintiff is entitled to any recovery.

2.     Defendant admits that this Court has jurisdiction over FLSA claims as alleged in Paragraph 2 of the Complaint, but Defendant denies that it has violated the FLSA and denies Plaintiff is entitled to any recovery.

3.      Defendant is without sufficient knowledge to admit or deny Plaintiff's residence as alleged in Paragraph 3 of the Complaint.  Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits that it is a foreign (Maryland) for-profit corporation, with a principal place of business in Cape Canaveral, Florida, and that it provides services at a location in Homestead, Florida, where Plaintiff was employed for a time by Defendant.  All remaining allegations, inferences and legal conclusions in Paragraph 4 of the Complaint are denied.

5.      Defendant admits for venue purposes only that Plaintiff was employed in Miami-Dade County by Plaintiff, and therefore venue is appropriate in this Court. All remaining allegations, inferences and legal conclusions in Paragraph 4 of the Complaint are denied.

6.      Defendant admits that Plaintiff purports to seek declaratory, legal and equitable relief in this action.  Defendant denies that Plaintiff is seeking injunctive relief in this action as alleged in Paragraph 6 of the Complaint.  Defendant denies that it has violated any legal or contractual obligation to Plaintiff and denies Plaintiff is entitled to any recovery.

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.      Defendant admits that it employed Plaintiff as a Travel Chaperone in Homestead, Florida from on or about March 15, 2018 until his suspension on or about August 31, 2018, and ultimate termination on September 5, 2018.  All remaining allegations, inferences and legal conclusions in Paragraph 8 of the Complaint are denied.

9.      Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 9 of the Complaint where Plaintiff is referring to "Defendants" and fails to attach the purported "written employment agreement" referenced in this Paragraph.  Plaintiff was employed

on an at-will basis.  All remaining allegations, inferences and legal conclusions in Paragraph 9 of the Complaint are denied.

10.     Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.     Defendant admits that Plaintiff was terminated on or about September 5, 2018 for his indisputable gross failure to perform core job duties on or about August 30, 2018.   All remaining allegations, inferences and legal conclusions in Paragraph 15 of the Complaint are denied.

## COUNT I

### *Breach of Agreement*

16.     Defendant reaffirms and reavers its prior answers to Paragraphs 1 through 15 of the Complaint as restated in Paragraph 16 of the Complaint.

17.     Plaintiff was employed on an at-will basis.  All remaining allegations, inferences and legal conclusions in Paragraph 17 of the Complaint are denied.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint.  Additionally, Defendant denies that Plaintiff is entitled to the damages sought in the WHEREFORE paragraph following Paragraph 18 of the Complaint.

## COUNT II

### *Quantum Meruit*

19.     Defendant reaffirms and reavers its prior answers to Paragraphs 1 through 15 of the Complaint as restated in Paragraph 19 of the Complaint.

20.     Defendant admits that it employed Plaintiff as a Travel Chaperone in Homestead, Florida from on or about March 15, 2018 until his suspension on or about August 31, 2018, and ultimate termination September 5, 2018, and that it paid Plaintiff for all hours submitted for work performed.  All remaining allegations, inferences and legal conclusions in Paragraph 20 of the Complaint are denied.

21.     Defendant admits that it employed Plaintiff as a Travel Chaperone in Homestead, Florida from on or about March 15, 2018 until his suspension on or about August 31, 2018, and ultimate termination September 5, 2018, and that it paid Plaintiff for all hours submitted for work performed.  All remaining allegations, inferences and legal conclusions in Paragraph 21 of the Complaint are denied.

22.     Defendant admits that it employed Plaintiff as a Travel Chaperone in Homestead, Florida from on or about March 15, 2018 until his suspension on August 31, 2018, and ultimate termination on or about September 5, 2018, and that it paid Plaintiff for all hours submitted for work performed.  All remaining allegations, inferences and legal conclusions in Paragraph 22 of the Complaint are denied.

23.     Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint. Additionally, Defendant denies that Plaintiff is entitled to the damages sought in the WHEREFORE paragraph following Paragraph 24 of the Complaint.

### COUNT III

*Unjust Enrichment*

25.     Defendant reaffirms and reavers its prior answers to Paragraphs 1 through 15 of the Complaint as restated in Paragraph 25 of the Complaint.

26.     Defendant admits that it employed Plaintiff as a Travel Chaperone in Homestead, Florida from on or about March 15, 2018 until his suspension on or about August 31, 2018, and ultimate termination on September 5, 2018, and that it paid Plaintiff for all hours submitted for work performed.  All remaining allegations, inferences and legal conclusions in Paragraph 26 of the Complaint are denied.

27.     Defendant admits that it employed Plaintiff as a Travel Chaperone in Homestead, Florida from on or about March 15, 2018 until his suspension on August 31, 2018, and ultimate termination on or about September 5, 2018, and that it paid Plaintiff for all hours submitted for work performed.  All remaining allegations, inferences and legal conclusions in Paragraph 27 of the Complaint are denied.

28.     Defendant admits that it employed Plaintiff as a Travel Chaperone in Homestead, Florida from on or about March 15, 2018 until his suspension on August 31, 2018, and ultimate termination on or about September 5, 2018, and that it paid Plaintiff for all hours submitted for work performed.  All remaining allegations, inferences and legal conclusions in Paragraph 28 of the Complaint are denied.

29.     Defendant admits that it employed Plaintiff as a Travel Chaperone in Homestead, Florida from on or about March 15, 2018 until his suspension on August 31, 2018, and ultimate termination on or about September 5, 2018, and that it paid Plaintiff for all hours submitted for work performed.  All remaining allegations, inferences and legal conclusions in Paragraph 29 of the Complaint are denied.

30.     Defendant denies the allegations contained in paragraph 30 of the Complaint. Additionally, Defendant denies that Plaintiff is entitled to the damages sought in the WHEREFORE paragraph following Paragraph 30 of the Complaint.

**COUNT IV**

### *Wage & Hour Federal Statutory Violation*

31.     Defendant reaffirms and reavers its prior answers to Paragraphs 1 through 15 of the Complaint as restated in Paragraph 31 of the Complaint.

32.     Defendant admits that Plaintiff purports to bring a claim for unpaid overtime compensation, liquidated damages, costs, and attorneys' fees under the FLSA, but Defendant denies that it has violated the FLSA and denies Plaintiff is entitled to any recovery.

33.     Defendant admits that this Court has jurisdiction over FLSA claims as alleged in Paragraph 33 of the Complaint, but Defendant denies that it has violated the FLSA and denies Plaintiff is entitled to any recovery.

34.     Defendant admits that it engages in interstate commerce as that term is defined by the FLSA, but Defendant denies that it has violated the FLSA and denies Plaintiff is entitled to any recovery.  All remaining allegations, inferences and legal conclusions in Paragraph 34 of the Complaint are denied.

35.     Defendant admits that it is an "employer" as that term is defined by the FLSA and satisfies the annual gross revenue provisions to establish FLSA coverage, but Defendant denies that it has violated the FLSA and denies Plaintiff is entitled to any recovery.   All remaining allegations, inferences and legal conclusions in Paragraph 35 of the Complaint are denied.

.     36.     Defendant admits that it is an "employer" as that term is defined by the FLSA, but Defendant denies that it has violated the FLSA and denies Plaintiff is entitled to any recovery.  All remaining allegations, inferences and legal conclusions in Paragraph 36 of the Complaint are denied.

37.     Defendant admits that it employed Plaintiff from on or about March 15, 2018 until his suspension on August 31, 2018 and ultimate termination on or about September 5, 2018, and that Plaintiff filed his complaint on October 23, 2018.  Defendant denies that it violated the FLSA,

that Plaintiff is entitled to any recovery, and the remaining allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint. Additionally, Defendant denies that Plaintiff is entitled to the damages sought in the WHEREFORE paragraph following Paragraph 40 of the Complaint, including subparagraphs A through E.

## COUNT V

### *FLSA Retaliation Violation*

41.     Defendant reaffirms and reavers its prior answers to Paragraphs 1 through 15 of the Complaint as restated in Paragraph 41 of the Complaint.

42.     In response to Paragraph 42 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required; the FLSA speaks for itself and is the best evidence of its complete terms.  All remaining allegations, inferences and legal conclusions in Paragraph 42 of the Complaint are denied.

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint. Additionally, Defendant denies that Plaintiff is entitled to the damages sought in the WHEREFORE paragraph following Paragraph 45 of the Complaint, including subparagraphs A through F.

## JURY DEMAND

Should Plaintiff state a claim, admitted that Plaintiff has requested a trial by jury on all issues so triable, but denied that Plaintiff is entitled to any of the relief requested in the Complaint.

## TO THE COMPLAINT AS A WHOLE

Defendant denies each and every allegation, and all possible inference(s) from each and every allegation, that is not expressly admitted in this Answer and Defenses to Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.  Subject to and without waiving the above denials, Defendant alleges the following further and separate affirmative and other defenses:

## FIRST DEFENSE

Plaintiff has failed to state a cause of action for breach of contract where among other things he has failed to attach or incorporate the contract allegedly breached to the complaint and to plead sufficient facts.

## SECOND DEFENSE

Plaintiff has failed to state a cause of action for quantum meruit.

## THIRD DEFENSE

Plaintiff has failed to state a cause of action for unjust enrichment.

## FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff has not pled their claims under the FLSA with the necessary specificity, and only assert conclusory

allegations. See <u>Landers v. Quality Communs., Inc.</u>, No. 12-15890, 2015 U.S. App. LEXIS 1290 (9th Cir. Jan. 26, 2015); <u>see also</u> <u>Holaway v. Stratasys, Inc.</u>, 771 F.3d 1057 (8th Cir. 2014).

## FIFTH DEFENSE

Plaintiff has failed to state a cause of action for retaliation under the FLSA.

## SIXTH DEFENSE

Defendant paid Plaintiff for all hours worked therefore Plaintiff does not have a claim for breach of contract, quantum meruit, unjust enrichment, or violation of the FLSA.

## SEVENTH DEFENSE

Plaintiff's FLSA claims may be limited or barred to the extent subject to the FLSA motor carrier exemption, 29 U.S.C. § 213(b)(1) and related regulations and guidance.

## EIGHTH DEFENSE

Plaintiff at all times was employed on an at-will basis.

## NINTH DEFENSE

Plaintiff is seeking to recover more than Plaintiff is entitled to recover in this case, and any award of the judgment sought by the Plaintiff would unjustly enrich the Plaintiff.

## TENTH DEFENSE

To the extent any purported agreement or contract is found to exist, which Defendant categorically denies, such agreement or contract has already been fully satisfied, as the Plaintiff has received full satisfaction as to amounts owed and Defendant has paid all that is owed.

## ELEVENTH DEFENSE

If a contract were found to exist, which Defendant categorically denies, Defendant asserts that it performed all duties owed under any such contract other than any duties which were prevented or excused, and therefore never breached the agreement, and that a contract is only

enforceable by Plaintiff if Plaintiff performs his part of the bargain, which Plaintiff did not do by failing to perform the duties of his job.  In the case of any such alleged contract, Plaintiff breached the alleged contract first or failed to perform the duties of his job.

## TWELFTH DEFENSE

Plaintiff/s claims are barred, in whole or in part, by the doctrine of unclean hands and/or laches to the extent Plaintiff failed to perform the duties of his job, intentionally falsified his time records, underreported his work hours, failed to disclose any known discrepancy in his pay, intentionally concealed off-the-clock activities, failed to get authority to and/or worked overtime without Defendant's actual or constructive knowledge.

## THIRTEENTH DEFENSE

Plaintiff's claims may be barred by the Statute of Frauds.

## FOURTEENTH DEFENSE

Any alleged acts or omissions by Defendant were in good faith, in conformity with and in reliance on applicable administrative regulations, orders, rulings, approval, audit or interpretation by the Administrator of the Wage and Hour Division of the U.S. Department of Labor or an administrative practice or enforcement policy of such agency and/or judicial orders and interpretations with respect to the class of employers to which Defendant belongs.

## FIFTEENTH DEFENSE

Plaintiff may not recover liquidated damages because (i) Defendant acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA; (ii) Defendant did not authorize or ratify any willful violation with respect to Plaintiff; and (iii) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## SIXTEENTH DEFENSE

Any violation of the FLSA by Defendant was not willful and wholly unintentional.

## SEVENTEENTH  DEFENSE

At all relevant times, Plaintiff was fully compensated for any compensable time and has been paid all wages and amounts to which he is otherwise entitled.  To the extent applicable, this action is barred or limited to the extent Plaintiff seeks recovery for time which is not compensable time, *i.e*. "hours worked" under the FLSA.  Defendant is not subject to liability under the FLSA for any alleged failure to pay wages or overtime compensation for either "preliminary or postliminary activities," purported "on call time" that Plaintiff was free to use for personal purposes, or for "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform," in accordance with the FLSA and its related regulations and guidance.

## EIGHTEENTH DEFENSE

Even if Plaintiff prevails, Defendant is entitled to a set-off with respect to any overpayment to Plaintiff or monies paid to Plaintiff for any hours when Plaintiff was not actually performing work for Defendant.  Plaintiff's claims are barred in whole or in part to the extent that he has misrepresented compensation earned and/or hours worked and/or compensation received, or otherwise received compensation to which he was not entitled.

## NINETEENTH DEFENSE

All employment decisions regarding or affecting Plaintiff were based upon legitimate, non-retaliatory and reasonable business reasons which were in no way related to Plaintiff's alleged protected activity under the FLSA.

## TWENTIETH DEFENSE

To the extent Plaintiff experienced any damages as a result of any alleged retaliatory conduct or breach of contract, which Defendant expressly denies, Defendant is entitled to a setoff for amounts received by Plaintiff from other collateral sources and subsequent employment.

## TWENTY-FIRST DEFENSE

Defendant has made good faith efforts through its adoption of applicable pay and anti-retaliation policies, and education of its personnel, to comply with the employment and wage/hour laws.

## TWENTY-SECOND DEFENSE

Defendant has in place a clear and well-disseminated policy against retaliation, and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.  To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant, or to otherwise avoid harm, Plaintiff's claims are barred.

## TWENTY-THIRD DEFENSE

Even if Plaintiff was owed overtime compensation, which Defendant expressly denies, the amount of any such compensation owed would be *de minimis* and therefore not subject to payment under the FLSA.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and/or waiver to the extent Plaintiff failed to report the  hours he allegedly worked and/or overtime hours as required, and/or failed to demand additional compensation after a prolonged course of dealing.  Plaintiff has waived any alleged claim and is estopped from asserting such claims.

## TWENTY-FIFTH DEFENSE

To the extent applicable, Plaintiff's claims are barred or limited as to all time and hours allegedly worked which Defendant did not suffer or permit, or for which Defendant lacked actual or constructive knowledge.

## **TWENTY-SIXTH DEFENSE**

Plaintiff's claims are barred or limited to the extent he seeks remedies beyond those provided for by applicable law.

## **TWENTY-SEVENTH DEFENSE**

The issue of liquidated damages is for determination by the Court and not a jury.

## **TWENTY-EIGHTH DEFENSE**

Plaintiff's claims may be avoided or reduced if Plaintiff had the reasonable ability to avoid damages and yet made little to no effort to do so.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert additional affirmative and other defenses and matters in avoidance that may be disclosed by additional investigation and discovery.

**WHEREFORE**, having fully answered and responded to the allegations in Plaintiff's Complaint, Defendant respectfully requests that:

1. Plaintiff's claims be dismissed with prejudice in their entirety;

2. Each and every prayer for relief in Plaintiff's Complaint be denied;

3. Judgment be entered in favor of Defendant;

4. All costs be awarded to Defendant and against Plaintiff;

5. All reasonable attorney fees be awarded to Defendant and against Plaintiff; and

6. This Court grant Defendant such other and further relief as it deems just and appropriate.

Respectfully submitted this 28th day of November, 2018.

/s/ Elizabeth M. Rodriguez
Elizabeth M. Rodriguez
Florida Bar No. 821690
FordHarrison
One S.E. 3rd Avenue, Suite 2130
Miami, Florida 33131
Telephone: (305) 808-2143
Facsimile: (305) 808-2101
erodriguez@fordharrison.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of November, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Elizabeth M. Rodriguez

## SERVICE LIST

Peter Michael Hoogerwoerd, Esq.
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
nl@rgpattorneys.com
Carlos D. Serrano, Esq.
cs@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile:  305-416-5005
 (via CM/ECF)

WSACTIVELLP:10196211.1